IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATIE LACAVA,

    Plaintiff,                 13cv1373
                                   **ELECTRONICALLY FILED**
    v.

PITTSBURGH PUBLIC SCHOOLS,

    Defendant.

## **MEMORANDUM OPINION: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 27)**

### **I. Introduction**

On September 18, 2013, Plaintiff, Katie LaCava ("Plaintiff"), a Caucasian female, filed suit against her former employer, Pittsburgh Public Schools ("Defendant"). (Doc. No. 1). Plaintiff alleges that she was constructively discharged from her employment in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). Id. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and § 1343, and supplemental jurisdiction over her related state law claims under 28 U.S.C. § 1367.

Presently before this Court is Defendant's Motion for Summary Judgment, in which Defendant moves this Court to enter judgment in its favor on all of Plaintiff's claims. Doc. No. 27. This motion has been fully briefed and is ripe for disposition. Doc. Nos. 27-29, 32-38, 40.

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. No. 27) will be denied.

### **II. Statement of Material Facts**

The following material facts, set forth in the Parties' Joint Concise Statement of Material Facts (Doc. No. 34), are undisputed:

Beginning in January 2009, Plaintiff worked as an emotional support teacher for kindergarten through second grade at Fulton Elementary, which is within the City of Pittsburgh Public School system. Doc. No. 34, ¶ 5. At the end of the 2008-2009 school year, Plaintiff accepted the position of Emotional Support teacher, grades three through five at Northview Accelerated Learning Academy ("Northview"). Id. at ¶ 13. Northview had an emotional support classroom for kindergarten through second grade and one for third through fifth grades. Id. at ¶ 14. Plaintiff typically had eight to twelve students in her classroom. Id. at ¶ 45.

Dr. MiChele Holly ("Dr. Holly") was the principal at Northview during the 2009-2010 school year. Id. at ¶ 16. 2009-2010 was Dr. Holly's first year as Northview's principal. Id. Deborah Hollis ("Hollis") was the assistant principal at Northview during the 2009-2010 school year. Id. at ¶ 21. Kimberly Zangrilli ("Zangrilli") was a program officer of school management and compliance for the District whose duties included assisting teachers who taught special education students. Id. at ¶¶ 24, 28. Rochelle Chatman ("Chatman") was a learning support teacher and instructional team leader during the relevant time period. Id. at ¶ 31.

There were "critical incidents" involving Plaintiff, Dr. Holly, Hollis, and other employees during the 2009-2010 school year on: September 15, 2009 (incident involving a student who ran from the classroom and who Plaintiff later drove home); September 16, 2009 (incident over Isolated Classroom Environment room and a subsequent argument between Plaintiff and Hollis); January 15, 2010 (dispute between Plaintiff, Dr. Hollis, and other Northview staff after Plaintiff vocalized concerns about a staff member's performance). At least two school police officers escorted Plaintiff from the building following the January 15th incident. Id. at ¶ 157. Plaintiff was suspended for five days as a result of this incident. Id. at ¶ 160.

Dr. Hollis gave Plaintiff an "average" rating for the first semester of the 2009-2010 school year. Id at ¶ 163. In February 2010, Plaintiff was placed on an Employee Improvement Plan ("EIP") for the second semester. Id. at ¶ 175. Dr. Holly recommended that Plaintiff be given an "unsatisfactory" rating for the second semester of the 2009-2010 school year. Id. at ¶ 209. Plaintiff submitted her resignation in June 2010. Id. at ¶ 214.

Almost nothing else about the factual circumstances of Plaintiff's time at Northview is agreed upon by the Parties. Plaintiff has set forth 128 additional enumerated paragraphs of material facts. Doc. No. 34, ¶¶ 233-361. Defendant responded to the additional material facts. Doc. No. 40. A large number of Defendant's responses indicate that the additional facts are in dispute. Id.

**III. Standard of Review**

The Court shall grant summary judgment if, drawing all inferences in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Smith v. Borough of Dunmore*, 516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)). *Estate of Beim v. Hirsch*, 121 Fed. Appx. 950, 953 (3d Cir. 2005).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553, 555 (3d Cir. 2012); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility

determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

**IV. Discussion**

Plaintiff advances claims of: (1) race discrimination; (2) hostile work environment; and (3) retaliation in violation of Title VII and the PHRA. Doc. No.1. In support of its Motion for Summary Judgment, Defendant contends that Plaintiff has failed to establish any of these claims or demonstrate that a genuine issue of material fact exists as the elements of the claims. Doc. No. 30.

The record before the Court is far from settled. The Parties disagree about almost every aspect of Plaintiff's employment while at Northview, including her job duties and performance, the support system available for teachers who were encountering difficulty, and the actions of Plaintiff's supervisors when/if Plaintiff complained about impediments to her teaching.

Despite Defendant's contention otherwise, numerous issues of material fact exist, which must be resolved by a jury. These disputed facts include:

Race discrimination:
- whether Plaintiff and African-American employees were subject to the same discipline for the same/similar behavior;
- whether African-American teachers on EIP were provided with support that Plaintiff was not;
- whether Plaintiff's job performance was rated "unsatisfactory" based on performance observations or because of her race;
- whether African-American teachers and staff acted to exclude Plaintiff

Hostile work environment:
- what occurred between Plaintiff and Hollis during their September 16, 2009 argument;

- whether Plaintiff's EIP plan was designed to compile evidence to support her "unsatisfactory" rating;
- the purpose and extent of school police officer's involvement in Plaintiff's exit from the school on January 15, 2010

Retaliation:
- whether Plaintiff complained of racial discrimination;
- whether Plaintiff was removed from the school because she complained of race discrimination

Plaintiff has presented evidence that moves this case from one of mere speculation to one in which a reasonable fact-finder could find for her on her claims. This differentiates the present case from those cited by Defendant including *Bullock v. Children's Hosp. of Phila.*, 71 F.Supp. 2d 482 (E.D. Pa. 19that s99). At this stage, the Court must view the facts in the light most favorable to Plaintiff. Plaintiff has set forth sufficient evidence to proceed to a jury trial on all of her claims because if factual disputes are resolved in her favor, the jury could reasonably find that she has established the elements of her claims.

In sum, there are at least two competing and contradictory narratives of what happened while Plaintiff was employed at Northview during the 2009-2010 school year. Summary judgment is inappropriate based upon the record before the Court and the case will proceed to trial.

**V. Conclusion/Order**

AND NOW, this 29th day of July, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment (Doc. No. 27) is **DENIED**. The case will proceed to trial, set to begin on November 17, 2014, as previously set forth in this Court's Pretrial Order. Doc. No. 13.

                                                 s/ Arthur J. Schwab
                                                 Arthur J. Schwab
                                                 United States District Judge

cc:     All Registered ECF Counsel and Parties